UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CHANCE DWAYNE BEROID | : | CIVIL ACTION NO. 21-cv-0516 |
| VERSUS | : | JUDGE TERRY A. DOUGHTY |
| CHRISTOPHER LaFLEUR, ET AL. | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss [doc. 14] filed pursuant to Federal Rule of Procedure 12(b)(6) by defendants Christopher Lafleur, Ferroll Leblanc, and Naquan Senegal (collectively, "Defendants"). This motion was filed in response to the original complaint brought by plaintiff Chance Dwayne Beroid ("Beroid"). Doc. 1. The motion is unopposed.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For reasons stated below, IT IS RECOMMENDED that the Motion to Dismiss [doc. 14] be DENIED as moot.

**I.**
**BACKGROUND**

This suit arises from events surrounding an arrest of Beroid in his parents' home on March 1, 2020 in Jennings, Louisiana. Doc. 1, p. 1. During the execution of an arrest warrant, Beroid alleges that the defendant law enforcement officers forcibly entered the home and utilized a taser "without legal justification and without any warning." *Id.* Plaintiff filed this suit for damages on

March 1, 2021, alleging claims against the defendants in their individual and official capacities pursuant to 42 U.S.C. § 1983 and the Fourth Amendment *Id.* at p. 4.

Defendants filed the instant motion to dismiss on April 5, 2021 [doc. 14], alleging that Beroid cannot maintain a cause of action against them in their official capacities and that the official capacity claims against them should thus be dismissed. *See* doc. 14, att. 1. The motion is unopposed.

On April 16, 2021, subsequent to filing of the Motion to Dismiss, plaintiff filed an Amended Complaint.[1] In the Amended Complaint, among other alterations, plaintiff removed the official capacity claims and instead asserted claims against the named officers only in their individual capacities. Doc. 16, p. 4-5. Defendants in turn filed another Motion to Dismiss in response to the Amended Complaint. Doc. 18.

We address only the first Motion to Dismiss [doc. 14] in this report and recommendation.

## II.
### LAW AND ANALYSIS

Rule 12(b)(6), Federal Rules of Civil Procedure, requires the defense of "failure to state a claim upon which relief can be granted" be asserted by motion. In order to defeat a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In order to survive such a motion, a complaint requires more than labels and conclusions, and a "formulaic recitation of the elements of a cause of action will not do . . . ." *See Twombly,* 127 S.Ct. 15 1964. When evaluating a pleading, courts must construe the complaint liberally and accept all factual allegations as true.

---

[1] *See* FED. R. CIV. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course within ... 21 days after service of a motion under Rule 12(b)").

"An amended complaint generally, but not always, renders pending motions moot." *LaSalle v. Sasol North America*, 2020 WL 1977257, at *2 (W.D. La., 2020) (quoting *Rivera v. BMW of North America*, LLC, 2019 WL 2539200, at * 1 (N.D. Tex. 2019)). Courts vary in how they proceed when a plaintiff amends the complaint while a Rule 12 motion is pending. *See Melson v. Vista World Inc. & Assocs.*, 2012 WL 6002680 (E.D. La. 2012) (collecting cases). Nonetheless, "many district courts — including those in this Circuit — routinely deny as moot motions to dismiss that are filed prior to an amendment of a complaint." *Louisiana v. Bank of America Corp.*, 2020 WL 3966875, at *5 (M.D. La. 2020); *see also Rodgers v. Gusman*, 2019 WL 186669, at *2 (E.D. La. 2019) (same and collecting cases); *Garcia v. City of Amarillo, Texas*, 2018 WL 6272461, at *1 (N.D. Tex. 2018) ("[A]n amended complaint, which supersedes the original complaint as the operative live pleading, renders moot a motion to dismiss the original complaint.").

Given the Amended Complaint [doc. 16] directly addresses deficiencies alleged in this Motion to Dismiss by removing claims against the defendants in their official capacities, we recommend the instant Motion to Dismiss [doc. 14] be denied as moot. We find this especially appropriate considering defendants have since filed another Motion to Dismiss addressing the Amended Complaint. *See* Doc. 18.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Dismiss [doc. 14] be **DENIED** as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy

thereof. Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 24th day of January, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE